

**NUMBERS
13-09-00077-CR
13-09-00078-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CHAD LOUIS FURCH,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

### On appeal from the 24th District Court of
### Jackson County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

After a bench trial, appellant, Chad Louis Furch, was convicted of: (1) family-

violence assault, a second-degree felony,[1] in appellate cause number 13-09-078-CR (Case

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-1) (Vernon Supp. 2009); TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon 2006).

1); and (2) one count of aggravated assault with a deadly weapon[2] and one count of family-violence assault, both second-degree felonies,[3] in appellate cause number 13-09-077-CR (Case 2). In both cases, the offenses were enhanced by previous convictions for family-violence assault and by nine previous felony convictions. Appellant pleaded "true" to all the enhancement paragraphs in each case. The trial court sentenced appellant to fifteen years' imprisonment and imposed a $10,000 fine in Case 1, and sentenced him to twenty years' imprisonment in Case 2, with the sentences to be served consecutively.[4] By a single issue, with six sub-issues, appellant contends that his counsel rendered ineffective assistance. We affirm.

## I. Background

Both cases involve violent incidents between appellant and his live-in girlfriend, Tracey Frerich. At trial, Frerich described her relationship with appellant as "unhealthy." She testified that in February 2008, after she told appellant she was ending their relationship, appellant assaulted her, pulled the phone off the wall, and threatened to kill her. Frerich obtained a protective order, but after approximately two weeks, allowed appellant to move back into her home. Frerich testified that the second assault (resulting in Case 2) occurred in August 2008. On that occasion, appellant punched Frerich in the back of the head. During this scuffle, appellant also came at Frerich with a screwdriver. After Frerich managed to call appellant's mother and her own mother, Frerich's step-father called the police.

---

[2] *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (Vernon Supp. 2009).

[3] *See id.* § 22.01(a)(1), (b-1); TEX. CODE CRIM. PROC. ANN. art. 42.013.

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(19) (Vernon Supp. 2009).

Appellant pleaded "not guilty" in both causes and waived trial by jury.

## II. Ineffective Assistance

By six sub-issues, appellant claims that his counsel was ineffective by: (1) failing to object to the use of extraneous adjudicated and unadjudicated bad acts; (2) failing to seek limited use of the bad acts evidence; (3) failing to object to hearsay evidence; (4) failing to object to leading questions; (5) failing to invoke the Rule; and (6) waiving opening arguments.

## A. Standard of Review and Applicable Law

Ineffective assistance of counsel claims are evaluated under the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*.[5] The *Strickland* test requires the appellant to show that counsel's performance was deficient, or in other words, that counsel's assistance fell below an objective standard of reasonableness.[6] Assuming appellant has demonstrated deficient assistance, he must then show that there is a reasonable probability that, but for counsel's errors, the result would have been different.[7] In determining the validity of appellant's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight."[8]

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence.[9] Appellant must overcome the strong presumption that

---

[5] *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[6] *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 687.

[7] *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694.

[8] *Thompson*, 9 S.W.3d at 813.

[9] *Id.*

3

counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy.[10] A reviewing court will not second-guess legitimate tactical decisions made by trial counsel.[11] Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions.[12] "[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'"[13]

An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[14] In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance.[15] "These demanding standards are virtually impossible to meet when no proper evidentiary record was developed at a hearing on a motion for new trial."[16] As the court of criminal appeals has noted:

> A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal. Rarely will a reviewing court be

---

[10] *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.).

[11] *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008).

[12] *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851.

[13] *Morales*, 253 S.W.3d at 696-97.

[14] *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 (setting out that "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*"); *see Jackson v. State*, 877 S.W.2d 768, 771-72 (Tex. Crim. App. 1994) (en banc) (stating that "we must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that he 'made all significant decisions in the exercise of reasonable professional judgment'" and that "[d]ue to the lack of evidence in the record concerning trial counsel's reasons" for the alleged ineffectiveness, the court was "unable to conclude that appellant's trial counsel's performance was deficient") (internal quotations omitted).

[15] *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813-14.

[16] *Chavero v. State*, 36 S.W.3d 688, 701 (Tex. App.–Corpus Christi 2001, no pet.).

provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation. In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.[17]

## B. Analysis

By his first and second sub-issues, appellant contends his counsel was ineffective in failing to object to, or failing to request the limited use of, evidence of extraneous bad acts. Although appellant concedes that a bench trial is a unitary proceeding, he nonetheless argues that it "does not mean that any evidence admissible for sentencing purposes is therefore admissible for guilt." Appellant cites no authority for this proposition, and we find it to be without merit.

"When an ineffective assistance claim alleges that counsel was deficient in failing to object to the admission of evidence, the defendant must show that the evidence was inadmissible."[18] "[I]n a trial without a jury on a plea of not guilty, evidence that is introduced at the 'punishment' stage of trial is considered in deciding the sufficiency of the evidence to prove guilt."[19] The statutory bifurcation provision is not applicable to a trial before the court on a plea of not guilty.[20] The prosecutor recognized this fact when, in his opening statement, he explained to the court that he was permitted to describe some of appellant's prior bad acts "because we both have the punishment and guilt or innocence that this can come in, Judge." "Appellant's trial counsel cannot be faulted for failing to object to

---

[17] *Thompson*, 9 S.W.3d at 813-14 (footnote omitted). We note that here, in each case, appellant filed a motion for new trial, but did not complain of ineffective assistance of counsel in either motion.

[18] *Houston v. State*, No. 03-04-620-CR, 2006 Tex. App. LEXIS 7644, at *8 (Tex. App.–Austin Aug. 31, 2006, no pet.) (mem. op., not designated for publication) (citing *Ortiz v. State*, 95 S.W.3d 79, 93 (Tex. Crim. App. 2002)).

[19] *Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001).

[20] *Harris v. State*, 125 S.W.3d 45, 52 (Tex. App.–Austin 2003, pet. dism'd, untimely filed); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(a) (Vernon Supp. 2009).

evidence that was properly admissible."[21] We conclude that appellant has not shown that the complained-of evidence was inadmissible.[22]

Moreover, the record is silent regarding trial counsel's reason for not objecting to the complained-of testimony. Therefore, appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy.[23] We overrule appellant's first and second sub-issues.

By his third sub-issue, appellant complains generally that "extensive hearsay evidence had the same effect of bolstering Ms. Frerich's testimony and emphasizing appellant's character conformity." Apparently, appellant is complaining of the admission of alleged "hearsay" testimony concerning his extraneous bad acts. However, appellant does not contend by a clear and concise argument with proper citation to authority that there is a reasonable probability that, but for trial counsel's alleged errors, the result would have been different.[24] We overrule appellant's third sub-issue.

Similarly, in his fourth through sixth sub-issues, appellant complains of counsel's failure to object to leading questions, failure to invoke the Rule, and waiver of opening arguments. However, appellant does not identify the "multiple leading questions." With respect to counsel's failure to invoke "the Rule," appellant argues only that "[h]ad [counsel] invoked the Rule[,] then the officer would not have been able to bolster Ms. Frerich's testimony by having witnessed her testimony and vouching for its veracity." With regard

---

[21] *Harris*, 125 S.W.3d at 54.

[22] *See Houston*, 2006 Tex. App. LEXIS 7644, at *8.

[23] *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.

[24] *See Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694; *see also* TEX. R. APP. P. 38.1(i).

6

to counsel's failure to offer opening argument, appellant states only that "[counsel] lost an opportunity when he waived opening statements when he could have responded to the State's opening and explained that the extraneous bad acts should not be considered on the question of guilt-innocence."

With respect to sub-issues four through six, we conclude that appellant has not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy.[25] Furthermore, appellant does not contend by a clear and concise argument with proper citation to authority that there is a reasonable probability that, but for trial counsel's alleged errors, the result would have been different.[26] Therefore, appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence.[27] We overrule appellant's fourth through sixth sub-issues.

### III. Conclusion

We affirm the trial court's judgments.

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
23rd day of August, 2010.

LINDA REYNA YAÑEZ,
Justice

---

[25] *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851.

[26] *See Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694; *see also* TEX. R. APP. P. 38.1(i). We note that appellant generally asserts that "[b]ecause the extensive extraneous bad acts evidence permeated the entire trial and came into evidence on the issue of guilt, and because of the leading questions, the hearsay, and the failure to invoke the Rule, prong two of the *Strickland* test is meet [sic] because these circumstances and the totality of the record indicate that there is a reasonable probability that, but for [defense counsel's] errors, the outcome of the trial would have been different. " However, he does not provide a clear and concise argument with citation to authority for this assertion. Therefore, he has waived it. *See* TEX. R. APP. P. 38.1(i).

[27] *See Thompson*, 9 S.W.3d at 813.